# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: M.J.

No. 13-0104 (Kanawha County 12-JD-216)

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner M.J., by counsel Lori M. Peters, appeals the January 3, 2013 order of the Circuit Court of Kanawha County in which the court found probable cause that petitioner, age sixteen at the time, committed the felony offense of first degree robbery, and ordered that this proceeding be transferred to the criminal jurisdiction of the court pursuant to West Virginia Code § 49-5-10(d)(1).[1] The State, by counsel Andrew Mendelson, filed a summary response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On or about October 18, 2012, petitioner was arrested and charged with first degree robbery, a violation of West Virginia Code § 61-2-12(a). The charges were initially filed in juvenile court as petitioner was sixteen years old at the time of the alleged crime. The State moved to have the case transferred to the criminal jurisdiction of the court. On November 13, 2012, the circuit court conducted a hearing on the State's motion to transfer, and the evidence revealed the following: On or about October 17, 2012, a robbery with the use and presentment of a firearm was committed upon Roy Massey, who was working as cashier at the Exxon One Stop located on Lee Street in Charleston, West Virginia. The perpetrator approached Mr. Massey, brandished a firearm, demanded money from the cash register, and then fled the store. According to the State's summary response, the perpetrator left with between $300 and $320. Both Mr. Massey and Eric Callison, another clerk inside the store at the time of the incident, identified petitioner at the transfer hearing as the perpetrator. Both Mr. Massey and Mr. Callison testified at the transfer hearing that petitioner was a regular customer of the store who came in multiple times each day.

By order entered on January 2, 2013, the circuit court found probable cause to believe that petitioner committed the crime charged, and pursuant to West Virginia Code § 49-5-10, ordered that the case be transferred to the criminal jurisdiction of the court. From this order,

---

[1]West Virginia Code § 49-5-10(j) permits a direct appeal of an order transferring a juvenile to criminal jurisdiction.

1

petitioner appeals to this Court and requests that the matter be remanded for proceedings under the court's juvenile jurisdiction.

Petitioner raises two assignments of error.[2] First, she argues that the circuit court erred by failing to consider her mental and physical condition, maturity, emotional attitude, home or family environment, school experience, and similar personal factors in determining whether to order the transfer to criminal jurisdiction. West Virginia Code § 49-5-10(d)(1) states as follows:

> (d) The court *shall* transfer a juvenile proceeding to criminal jurisdiction if there is probable cause to believe that:
>
> (1) The juvenile is at least fourteen years of age and has committed the crime of treason under section one, article one, chapter sixty-one of this code; the crime of murder under sections one, two and three, article two of said chapter; the crime of robbery involving the use or presenting of firearms or other deadly weapons under section twelve of said article; the crime of kidnapping under section fourteen-a of said article; the crime of first degree arson under section one, article three of said chapter; or the crime of sexual assault in the first degree under section three, article eight-b of said chapter[.]

(Emphasis added).

Initially, we note that "[u]nder W.Va. Code § 49-5-10 (1978), at a transfer hearing as the standard of proof the State need only establish that there is probable cause to believe that a child has committed one of the offenses therein enumerated." Syl. Pt. 3, *In re E.H.,* 166 W.Va. 615, 276 S.E.2d 557 (1981). In this case, we find no error in the court's probable cause findings and conclusions that a crime was committed and petitioner committed it. We have no reason based on the record to second-guess the court's assessment of the two witnesses' account of the alleged crime and their identification of petitioner as the perpetrator. Both witnesses testified that they recognized petitioner as a frequent customer. As the crime charged is first degree robbery involving the use or presentment of a firearm, the court had a mandatory duty to transfer petitioner to the criminal jurisdiction of the court under West Virginia Code § 49-5-10(d)(1).

Second, petitioner contends that West Virginia's mandatory transfer statute is unconstitutional as applied to petitioner in light of the United States Supreme Court's recent decisions in *Graham v. Florida*, 560 U.S. 48 (2010), and *Miller v. Alabama*, -- U.S. --, 132 S.Ct. 2455 (2012). We disagree. In *Graham,* the United States Supreme Court held, in part, that the Eighth Amendment to the United States Constitution prohibits a life sentence without the possibility of parole for a juvenile offender who did not commit homicide. Two years later, in *Miller,* the Court held that mandatory life imprisonment without parole for any juvenile offender violates the Eighth Amendment. In the present case, we find that because petitioner has not been convicted, and because there is no possibility that petitioner will receive a life sentence without

---

[2]Petitioner initially raised a third assignment of error in her brief, namely, that the court erred in finding the State's witnesses credible. Petitioner expressly withdrew this assignment of error in the argument section of her brief. Therefore, we do not address it in this decision.

the possibility of parole if convicted, *Graham* and *Miller* do not require reversal of the circuit court's transfer of petitioner to criminal jurisdiction.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II